L. A. WILSON, APPELLEE, V. ANNA J. WILSON, APPELLANT.

FILED FEBRUARY 11, 1913.   No. 17,794.

The evidence examined, but not set out in the opinion for the reasons therein stated, *held* sufficient to sustain the findings and decree of the district court.

APPEAL from the district court for Gosper county: ERNEST B. PERRY, JUDGE. *Affirmed.*

*R. D. Stearns,* for appellant.

*Ritchie & Wolff, contra.*

FAWCETT, J.

There was submitted with the case a motion by defendant to strike from the files the "rejoinder briefs" filed by plaintiff without leave of court. The motion was well taken, and is sustained.

This is a second appeal. Our former opinion is reported

in 89 Neb. 749.   For a full statement of the controversy between these unhappy parties, reference is made to that opinion.   A decree in favor of plaintiff was reversed at that time, for the reason that the trial court had evidently acted upon the theory that extreme cruelty is not a defense to a charge of adultery, and therefore excluded evidence offered by defendant to sustain a charge of extreme cruelty, set out in her cross-petition.   Upon a retrial, and before another district judge, the decree was again in favor of plaintiff and against the defendant, both upon the charge set out in plaintiff's petition and the countercharge set out in defendant's cross-petition, and defendant is again asking relief at our hands.

It would serve no good purpose to the public, and assuredly would not be of any benefit to the parties, to even briefly recount the facts as disclosed by the present record. We deem it sufficient to say that defendant upon the second hearing was given a full opportunity to introduce all of the evidence offered by her at the former trial and any additional evidence she desired.   After carefully weighing the evidence, we do not see how we can interfere. The findings and decree of the district court are fully sustained upon every point.

The controversy between the parties as to the property rights of defendant, and as to the liability of plaintiff as guardian of defendant during the time she was his ward, are now being litigated, and will be fully determined in that litigation.   There is, therefore, no necessity of a reference to that controversy here.

Finding no error in the record, the judgment of the district court is

AFFIRMED.